IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSOLIDATED RAIL CORPORATION | : | CIVIL ACTION |
| | : | NO. 11-5416 |
| vs. | : | |
| FONDIARIA SAI, S.p.A. as successor in | : | |
| interest to LLOYD ITALICO & L'ANCORA | : | |

O'NEILL, J.                                                                                                                             November 8, 2013

## MEMORANDUM

I have before me defendant's motion to dismiss Conrail's complaint in this declaratory judgment action or, in the alternative, to stay the action, plaintiff Conrail's opposition thereto and defendant's reply memorandum.

There is a pending state court action between the parties which was commenced before this action. The state court action "is an action seeking a declaration . . . of the rights, duties and liabilities of the parties under liability insurance policies issued by the defendants, and for breach of contract under said policies, with respect to underlying claims against Conrail . . . ." The present case "is an action seeking a declaration . . . of the rights, duties and liabilities of the parties under a liability insurance policy issued by the insurer Lloyd Italico & L'Ancora . . . and for breach of contract under said policy, with respect to underlying claims against Conrail . . . ." In each case defendant denies that it issued the insurance policy sued upon by Conrail.

In its brief, Conrail admits that the authenticity of the policy allegedly issued by defendant is an issue in both actions:

> [T]he state court issued an Order setting a deadline of March 3, 2014,
> for the completion of all fact discovery on merits issues and a trial date

> of November 3, 2014. Accordingly, a stay in this case would result in an another delay of over a year until the Phony Policy Claim reaches a jury in the state court.

However, Conrail asserts that the complaint in the present case seeks a declaratory judgment that the Lloyd Italico Policy provides coverage for four categories of claims against Conrail, none of which is at issue in the state court action.

Under the Declaratory Judgment Act, a court "may declare the rights . . . of any interested party." 28 U.S.C. § 2201(a). The declaratory judgment statute "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). The Court of Appeals has identified several of the factors that should be examined in exercising this discretion; whether the claims of all parties in interest can be satisfactorily adjudicated in the state court proceeding; whether all necessary parties can and have been joined; and the scope of the pending state court proceeding and the nature of the defenses available there. Wilton, 515 U.S. at 283, citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). The central inquiry behind these factors is whether the questions in controversy in the federal suit can better be settled in the pending state court proceedings. Brillhart at 495. The Court of Appeals has identified additional factors to be considered, including (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies. United States v. Pa. Dep't of Envtl. Res., 923 F. 2d 1071, 1075 (3d Cir. 1991). Additionally, for cases like Brillhart, where district courts must decide whether to hear declaratory judgment actions involving insurance coverage issues, the Court of Appeals has suggested relevant considerations:

(1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; (3) avoidance of duplicative litigation. <u>State Auto Ins. Co. v. Summy</u>, 234 F. 3d 131, 134 (3d Cir. 2000), <u>citing</u> <u>Pa. Dep't of Envtl. Res.</u>, 923 F.2d at 1075-76. Federal courts should "hesitate" to exercise jurisdiction where state law issues are close or unsettled. <u>Id.</u> A federal court "should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." <u>Id.</u> at 135.

No federal issues are implicated in this action and there is no suggestion that the state proceedings will be inadequate to resolve the issue whether defendant issued the policy in question. Indeed, the possibility of interfering in the state court case regarding the same issue is substantial.

The fact that different claims are being made under the policy in this action from those Conrail is asserting in the state court action is of no import; if defendant did not issue the policy – and whether defendant did is an essential issue in both cases – Conrail can make no claims under the policy.

Accordingly, this action will be stayed. An appropriate Order follows.